**Kevin C. Brague, OSB No. 050428**
kevin@braguelawfirm.com
THE BRAGUE LAW FIRM
4504 S. Corbett Avenue, Suite 250
Portland, Oregon 97239
t: 503.922.2243
f: 503.296.2046

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ALEXANDRA BOOT**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LAKE OSWEGO 7J SCHOOL DISTRICT**, an Oregon public corporate entity by and through the Board of Directors of Lake Oswego 7J School District;<br><br>Defendants. | Case No. 3:23-CV-00480<br><br>**COMPLAINT**<br>(Title IX, Retaliation pursuant to ORS 659.852, Due Process, and Negligence)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges the following:

**PARTIES**

1.

At all material times, Plaintiff Alexandra Boot, was a resident and domiciliary of Clackamas County, State of Oregon.

/ / / /

/ / / /

2.

At all material times, Defendant Lake Oswego 7J School District was and is an Oregon public corporate entity doing business in Clackamas County, Oregon by and through its Board of Directors pursuant to ORS 332.072 and 332.075 and Board Policy BB.

## JURISDICTION

3.

Federal Court jurisdiction exists under 28 USC § 1331 and 28 USC § 1343(a)(3) based on Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq. Supplemental jurisdiction arises under 28 USC § 1367 for common law and State of Oregon claims.

## VENUE

4.

Venue is proper in the U.S. District Court of Oregon, Portland Division because all acts alleged herein occurred in Clackamas County, State of Oregon.

## STATEMENT OF THE CASE

5.

Alexandra Boot is now an eighteen year old student who was attending Lake Oswego High School within the Lake Oswego School District.

6.

The LOSD learning community is made up of approximately 6,900 students and their families served by appropriately 850 educators and staff members in 11 schools, which include: 6 neighborhood elementary schools and 1 world language immersion elementary school (grades PreK-5); 2 middle schools (grades 6-8); 2 high schools and one regional recovery charter school (grades 9-12); and 1 Community Transition Program (up to age 21).

7.

Oregon is a compulsory school state (ORS 339.010 and 339.020) and LOSD as a public school district is responsible for student conduct including managing hazing and student sexual assault (ORS 339-351 et seq.).  LOSD's schools are closed campuses (Board Policy JEFA) and LOSD warrants and accepts the burden and responsibility of keeping students safe.

8.

On August 27, 2022 Alexandra Boot was raped by a fellow male student C.T. as he admitted via text message on August 28, 2022.

9.

Weeks later, Alexandra discloses the rape to her parents.  On October 25, 2022 Ryan Rosenau, Assistant Principal of Lake Oswego High School ("LOHS") is informed of the rape. LOSD takes no action to protect Alexandra, but advises that a restraining order should be obtained.  Clackamas County will not issue restraining orders against minors (ORS 107.726). Alexandra stops attending school.

10.

On November 7, 2022 Alexandra meets with Ryan Rosenau to discuss a safety plan. Alexandra requests that C.T. be transferred to another high school within LOSD.  Alexandra returns to school a couple days later.

11.

Upon information and belief, C.T. is fully apprised of the safety plan which requires C.T. to avoid passing times, unstructured times, lunch, and other times where he may encounter Alexandra.

The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243

12.

C.T. violates the safety plan on multiple days on multiple occasions including December 4, 2022 and February 3, 2023.  Alexandra notifies Ryan Rosenau.  LOSD failed to update the safety plan for the new semester.  Alexandra stops attending school.

13.

On February 6, 2023 LOSD updates and delivers a safety plan to Alexandra  On February 20, 2023 Ryan Rosenau admits he did not update the safety plan.  Alexandra returns to LOHS a few days later.

14.

In early March 2023 C.T. continues to routinely and knowingly violate the safety plan and admits doing so to Ryan Rosenau.  Alexandra stops attending school.  C.T. continues attending LOHS without consequence.

15.

Ryan Rosenau as agent of LOSD admits the safety plan is not to protect Alexandra LOSD refuses to acknowledge the unsafe environment it condones for victims of rape.

16.

LOSD refuses to remove a student that has admitted to rape, that consistently and knowingly violating a safety plan toward his victim, thereby creating a hostile education environment.  LOSD tells Alexandra that she can leave or transfer out of LOHS.

17.

LOSD never initiated a Title IX investigation.  LOSD never initiated an investigation pursuant to its sexual harassment policy JBA/GBN.

18.

On March 17, 2023 LOSD informed Alexandra that she was being withdrawn from LOSD due to her absence from school.  On April 3, 2023 LOSD un-enrolls Alexandra from school.  This de-facto expulsion was done regardless of her excused absences and LOSD's condoning a hostile education environment by allowing her rapist's continuing harassment, intimidation, and menacing.

19.

LOSD's website state that "Oregon State Law requires school districts to drop a student from enrollment if at any point the student is absence (unexcused /excused) for 10 consecutive school days during a school year. The student can be re-enrolled at parent request to the current school with the proper registration materials."  This is statement is materially false and untrue. Oregon Revised Statute ORS 339.010 through ORS 339.095 contains no such rule.  Similarly, Oregon Administrative Rules on attendance and student absences (OAR 581-021-0077 and 581-021-0081) contain no such rule.  LOSD's Board Policies also contain no such rule.  LOSD's disenrolling of Alexandra is in violation of ORS 339.010 and in retaliation for her complaining of C.T.'s ongoing harassment, intimidation, and menacing and the resultant hostile education environment.

**FIRST CLAIM FOR RELIEF**

(Title IX)

20.

Alexandra Boot realleges and incorporates by reference paragraphs 1 through 19 above.

21.

LOSD receives Federal funding, as contemplated by Title IX, 20 U.S.C. § 1681, et seq.

22.

LOSD exercises substantial control over its students at LOHS including Alexandra and C.T.

23.

LOSD had actual knowledge of Alexandra's rape and the resulting harassment by C.T. LOSD failure to investigate and discipline C.T. in a timely manner and consistent with its own policy and federal and state law.

24.

Subsequent to C.T. raping Alexandra, he sought opportunity to and did harass, intimidate, and menace Alexandra in violation of the safety plan and LOSD Policy JFCF.

25.

C.T.'s sexual harassment of Alexandra was so severe, pervasive, and objectively offensive that it deprived Alexandra of access to educational opportunities or benefits provided by LOSD.

26.

LOSD was deliberately indifferent to the harassment of Alexandra because:

a. LOSD failed to initiate an investigation under Title IX.

b. LOSD failed to initiate an investigation under its Policy JBA/GBN;

c. LOSD failed to enforce its own safety plan;

d. LOSD failed to supervise C.T.; and

e. LOSD failed to remove C.T., who admitted to raping Alexandra, to an alternative education setting.

27.

LOSD's failures resulted in Alexandra's exclusion from her education at LOHS and was denied the benefits of, and being subjected to discrimination at LOHS.

28.

LOSD failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment and instead acted with deliberate indifference toward C.M.

29.

LOSD persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

30.

LOSD has a practice of condoning and sanctioning ongoing harassment, intimidation, and menacing of female sexual assault victims by allowing the perpetrators continued access to their victims within the school environment to the detriment and exclusion of the victim's education.

31.

This policy and/or practice constitutes disparate treatment of females and had a disparate impact on female students including Alexandra.

32.

Unless C.T. is removed from LOHS and Alexandra is allowed to return to LOHS without her rapist present, she will not be able to graduate from LOHS with her high school diploma.

33.

Alexandra suffers emotional distress, psychological damage, and loss of education opportunities including the potential loss of her high school diploma as a direct and proximate

result of LOSD's deliberate indifference to her rights under Title IX. All to her noneconomic damage in an amount to be determined by the jury to be fair and reasonable.

34.

Pursuant to 42 USC § 1988, Alexandra is entitled to an award of her attorney fees and costs incurred in this action.

## SECOND CLAIM FOR RELIEF

(Retaliation ORS 659.852)

35.

Alexandra Boot realleges and incorporates by reference paragraphs 1 through 35 above.

36.

LOSD retaliates against Alexandra by disenrolling her from LOHS without a legal basis and in violation of ORS 339.010 and ORS 339.020 because she has complained in good faith about the ongoing harassment, intimidation, and menacing by C.T. and has excused absences because of the trauma she suffers due to the hostile education environment created and condoned by LOSD.

37.

Alexandra suffers emotional distress, psychological damage, and loss of education opportunities including the potential loss of her high school diploma as a direct and proximate result of LOSD's deliberate indifference to her rights under Title IX. All to her noneconomic damage in an amount to be determined by the jury to be fair and reasonable.

38.

Pursuant to ORS 659.852(3) and ORS 659A.885, Alexandra is entitled to an award of her attorney fees and costs incurred in this action.

## THIRD CLAIM FOR RELIEF

(Negligence - LOSD)

39.

Alexandra Boot realleges and incorporates by reference paragraphs 1 through 38 above.

40.

Alexandra and LOSD are in a special relationship of educators to student. Alexandra was entrusted to LOSD's care, and LOSD undertook the specific responsibility of assuring Alexandra's wellbeing through its own created safety plan and its enforcement through supervision during school hours and on school grounds.

41.

Alexandra was harmed and injured when she was harassed, intimidated, and menaced by C.T. while at LOHS when there was little to no supervision.

42.

LOSD breached its duty of care and its policies with regard to supervising its students including C.T. and enforcing consequences for C.T.'s violation of the safety plan.

43.

As a direct and proximate result of LOSD's conduct, Alexandra has suffered economic damages in an amount to be determined by a jury after receiving all of the evidence.

44.

As a direct and proximate result of LOSD's conduct, Alexandra sustained the following injuries and noneconomic damages, all of which were reasonably foreseeable, and some of which may be permanent:

    a.    Suffering, anxiety, stress, trauma, and emotional distress;

b. Loss of educational opportunities; and

c. Inconvenience and interference with usual and everyday activities.

All to her noneconomic damage in an amount determined by the jury to be fair and reasonable.

**WHEREFORE**, Alexandra Boot, prays for the following relief:

1. A declaratory judgment that LOSD has violated Title IX and ORS 659.852;

2. Preliminary injunctive relief requiring LOSD to remove C.T. to an alternative education setting outside of LOHS until Alexandra Boot graduates in June 2023;

3. Alexandra Boot's economic and non-economic damages as determined by a jury;

4. An award of Alexandra Boot's reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and ORS 659.852(3) and ORS 659A.885; and

5. Such other and further relief as the Court deems just and proper.

DATED this 4th day of April, 2023.

          THE BRAGUE LAW FIRM

          By _____
             Kevin C. Brague, OSB No. 050428
             kevin@braguelawfirm.com
             4504 S. Corbett Avenue, Suite 250
             Portland, Oregon 97239
             t: 503.922.2243
             f: 503.296.2046
             Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing COMPLAINT on the party listed below by the following indicated method or methods:

> Dr. Jennifer Schiele, Superintendent
> *schielej@loswego.k12.or.us*
> Lake Oswego School District
> 2455 Country Club Road
> Lake Oswego, OR 97034
> *Defendant*
>
> Ms. Nancy J Hungerford, OSB 812685
> *nancy@hungerfordlaw.com*
> The Hungerford Law Firm LLP
> 653 S Center St
> PO Box 3010
> Oregon City OR  97045
> T: 503 781-3458
> F: 503 650-4961
> *Attorney for Defendant*

[ ]     by electronic means through the U.S. District Court, District of Oregon's CM/ECF document filing system.

[X]     by mailing a full, true and correct copy thereof in a sealed, first-class postage paid envelope, addressed to the address as shown above, with the U.S. Postal Service at Portland, Oregon, on the date set forth below.

[X]     by causing a full, true, and correct copy thereof  to be hand-delivered to the attorney at the attorney's last known office address listed above on the date set forth below.

[X]     by emailing a full, true, and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below.

DATED this 4th day of April, 2023.

/s/ Kevin Brague
Kevin C. Brague, OSB No. 050428