**Kevin C. Brague, OSB No. 050428**
kevin@braguelawfirm.com
THE BRAGUE LAW FIRM
4504 S. Corbett Avenue, Suite 250
Portland, Oregon 97239
t: 503.922.2243
f: 503.296.2046

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ALEXANDRA BOOT**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LAKE OSWEGO 7J SCHOOL DISTRICT**, an Oregon public corporate entity by and through the Board of Directors of Lake Oswego 7J School District;<br><br>Defendant. | Case No. 3:23-cv-00480-HZ<br><br>**REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>EXPEDITED HEARING REQUESTED<br>REQUEST FOR ORAL ARGUMENT |

**REPLY**

This case is about access to education by a victim of a rape and the callous indifference of Lake Oswego High School and Vice Principal Ryan Rosenau in denying such access. Plaintiff Alexandra Boot was denied access to her education by LOHS condoning a hostile education environment and then functionally expelling her from school.

# ARGUMENT

A.   <u>LOHS was Deliberately Indifference to Alexandra Boot's Access to her Education</u>.

In addition to LOHS's retaliation against Alexandra, Defendant will be found liable for Title IX discrimination.

Title IX states:  "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a) ("Title IX").

*Davis v. Monroe Cty. Bd. of Educ.*, 526 US 629, 650, 119 S Ct 1661, 1675, 143 LEd2d 839, 858 (1999) set forth the test for a school district's liability for peer-on-peer sexual harassment, as follows:

> funding recipients are properly held liable in damages only where they are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school.

*Id*.

Defendant does not argue against being a federal funding recipient, its actual knowledge, or that the education environment was so severe, pervasive, and objectively offensive that it deprived Plaintiff access to her education at LOHS.

The issue before this Court is whether or not Plaintiff will likely succeed on the merits on the issue of deliberate indifference.

The Supreme Court held that

> deliberate indifference must, at a minimum, cause students to undergo harassment or make them liable or vulnerable to it. <u>Random House Dictionary of the English Language</u> 1415 (1966) (defining "subject" as "to cause to undergo

the action of something specified; expose" or "to make liable or vulnerable; lay open; expose"); Webster's Third New International Dictionary of the English Language 2275 (1961) (defining "subject" as "to cause to undergo or submit to: make submit to a particular action or effect: EXPOSE").

*Davis* at 645.

"Deliberate indifference is found if the school administrator responds to known peer harassment in a manner that is clearly unreasonable." *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F3d 1130, 1135 (9th Cir 2003). LOHS was deliberately indifferent under the standards established by the Supreme Court in *Davis*. Defendants are liable when "an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the . . . misconduct." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1998).

Here, Administrator Ryan Rosenau informed C.T. and his parents of the safety plan on November 7, 2022. Decl. Rosenau ¶4 (Dckt 15). Subsequently, in the new term C.T. consistently violated the safety plan which was reported to Administrator Ryan Rosenau and little action was taken by him. The safety plan plainly states:

> **Failure to adhere to this safety plan with fidelity will be considered in violation of district policy: GBNA/JFCF against harassment and intimidation and will result in discipline up to and including expulsion.**

Decl. Tim Boot (Dckt 06), Ex. 1 and 2.

Administrator took little to no action as a result of C.T. numerous violations of the safety plan. Decl. Alexandra Boot (Dckt 03), Decl. Aebi (Dckt 07), and Decl. E.A. (Dckt 08).

Defendants minimize the effects of the incidents where Plaintiff encountered her rapist. There is little difference between the trauma of Plaintiff's rape and then subsequently seeing and encountering her rapist. Decl. Dr. Allen. This trauma is sufficient, alone, to state a Title IX

claim. *Roe v. Gustine Unified Sch. Dist.*, 678 F Supp 2d 1008, 1027 (ED Cal 2009) citing *T.Z. v. City of N.Y.*, 634 F.Supp.2d 263, 270 (E.D.N.Y. 2009) (outlining the cases in which courts have found a single event to withstand a Title IX challenge.)

It must not be lost in these arguments that unlike the college or university setting, Plaintiff enjoys a legal right and obligation to attend school. Oregon Const. Art. VIII and ORS 339.010 and 339.020. Failure to investigate Title IX complaints therefore infringe and violate Plaintiff's right to her education. See generally, *Seiwert v. Spencer-Owen Cmty. Sch. Corp.*, 497 F Supp 2d 942 (SD Ind 2007)[student was called names for two separate school years repeatedly being called "gay" and "faggot," that he was kicked by several boys after he fell to the ground during a dodge ball game, that he endured death threats, and that his treatment lead to him being removed from school].

Defendant's reliance on the unpublished Ninth Circuit decision *Lossman v. Sage International School of Boise*, 810 Fed.Appx. 577 (9th Cir. 2020) is not on point. In *Lossman*, the school actually kept in close contact with the victim, who was able to obtain a restraining order which the school obeyed. LOHS and Ryan Rosenau did none of these things, and a restraining order against a person under 18 years of age is not allowed in Oregon by statute.

Defendant's response to Plaintiff's complaint is closer to *Doe v. Dennis-Yarmouth Reg'l Sch. Dist.*, 578 F Supp 3d 164, 181 (D Mass 2022) in which it was found that a school which failed to conduct a Title IX investigation, like here, was deliberately indifferent. Similarly, the First Circuit found similar deliberate indifference when a school principal took no action after receiving a report sex (or rape) between a seventeen year old and thirteen year old at school. *Doe v. Pawtucket Sch. Dep't*, 969 F3d 1, 6 (1st Cir 2020).

B.   LOHS Retaliated Against Plaintiff by Withdrawing her from School.

Defendant argues that it did not retaliate by withdrawing Plaintiff from school based on OAR 581-023-0006(4)(b).

Plaintiff did not cite this entire provision in its motion, which states:

> (b) A student whose withdrawal status can be determined within ten school days of their first day of absence shall be marked as a withdrawal on the school day following that determination. A student must be withdrawn from the active roll on the day following the tenth consecutive full school day of absence but may be retained on the inactive roll at the district's option. A student must be present for at least one-half day in order to restart the count of consecutive days' absence. Under no circumstances shall a student who is absent for the first ten days at the beginning of the school year be counted in membership prior to the first day of school attendance. A student whose attendance is reported as hours of instruction must be withdrawn from the active roll on the day following the tenth consecutive day of absence from the program in which they are enrolled. A student must be present for at least one hour of instruction in order to restart the count of consecutive days' absence. A student who is enrolled in dual programs and reported as both days present/days absent and hours of instruction must be withdrawn according to the instructional unit in which fifty percent or more of the student's time is scheduled. Under no circumstance shall a student who is absent for the first ten days at the beginning of the school year be counted in membership prior to the first day of school attendance.

OAR 581-023-0006(4)(b).

This regulation is not an attendance policy.  Defendant fails to inform the court that this OAR is only related to school finance.  Oregon Administrative Regulation Chapter 581, Division 23 is entitled "School Finance."  OAR 581-023-0006 sets forth the regulation governing "Student Accounting Records and State Reporting."  The statutory authority for the adoption of this regulation, including subsection 581-023-0006(4)(b) is ORS 326.310 & 327.125.  ORS 326.310 enumerates a Superintendent's duties and ORS 327.125 provides statutory authority for a Superintendent to administer statutes related to state financing of education and board rules.  Neither of these statutes provide authority for a school district to un-enroll, withdraw, or functionally expel a student from school.

Defendant's publication of its policy to drop students from enrollment is a fiction. Oregon school districts may remove a student from its "active roll" and placed on an "inactive roll." OAR 581-023-0006(1)(l). Changing a student status from active to inactive for school financing and accounting is far different than dropping a student from enrollment from school regardless of reason.

LOSD's interpretation of this regulation is retaliatory in this case because Plaintiff's continuing trauma of having to face her rapist without LOSD enforcing or monitoring its safety plan. Despite the fact that the Safety Plan was to be followed with "fidelity" or exact observance of duty. Webster's New Twentieth Century Dictionary, 2nd ed., p. 681 (1976). LOSD is, in fact, inflicting the trauma upon Alexandra Boot.

Defendant retaliated against Plaintiff under Title IX when she was engaged in the protected activity of attending school (ORS 339.010 and 339.020) and complaining of a hostile education environment. *Emeldi v. Univ. of Oregon*, 673 F.3d 1218, 1223 (9th Cir. 2012); Decl. Brague, Ex. 5 (sexual harassment creates hostile education environment). Defendant retaliated against Plaintiff when it withdrew her from school. *Id*. and Decl. Manning, Ex. 6. There is a direct causal link between Defendant retaliated against Plaintiff when she was engaged in the protected activity of attending school and then withdrawing her from school. *Id*.

Defendant retaliated against Plaintiff under ORS 659.852 when Defendant disenrolled her, excluded her from academic activities and took other adverse actions that substantially disadvantaged her in her academic activities. As this court has recognized, there is no Oregon case interpreting or applying this statute. *Brady v. Portland State Univ.*, No. 3:18-cv-01251-HZ, 2019 US Dist LEXIS 56267, at *20-21 (D Or Apr. 1, 2019). As such, the court looks to the Oregon Supreme Court case of *State v. Gaines*, 346 Or 160, 165 (2009) to determine the intent

of the Oregon legislature. *Id*. at 171 citing *PGE v. Bureau of Labor and Indus.*, 317 Or 606, 610-11 (1993). The court examines the text and context of the statute without inserting or omitting texts. *Id*. citing ORS 174.010. The court may consider the legislative history. *Id*. If the legislature's intent remains unclear, then the court may resort to statutory construction maxims. *Id*.

ORS 659.852 defines an education program to include a school district. ORS 659.852(1)(a)(A). ORS 659.852(1)(b) defines Retaliation to mean "suspension, expulsion, disenrollment, […] denial of academic […] opportunities, exclusion from academic or extracurricular activities, […] harassment or other adverse action that substantially disadvantages a student in academic […] activities." Further, ORS 659.852(2) states "A student of an education program may not be subjected to retaliation by an education program for the reason that the student has in good faith reported information that the student believes is evidence of a violation of a state or federal law, rule or regulation."

Here, both the text and context indicate that school district are subject to liability under the statute when they suspend, expel, disenroll, or generally deny academic opportunities to a student. Plaintiff reported information that her rapist was violating the safety plan. Decl. Alexandra Boot, ¶13-17, (Dckt 03). The Safety Plans contained specific rules which C.T. was violating and Administrator Ryan Rosenau on behalf of LOSD was to disenroll Plaintiff and deny her academic opportunities. Decl. Alexandra Boot, ¶17-20, (Dckt 03).

LOSD has retaliated against Alexandra Boot under Title IX and ORS 659.852.

/ / / /

/ / / /

C.  <u>Plaintiff will likely succeed on her claim for Negligence</u>.

"Under Oregon law, a plaintiff who has suffered emotional distress as a result of a defendant's negligence ordinarily may not recover damages for such emotional harm in the absence of some sort of physical impact." *I.K. v. Banana Republic, LLC*, 317 Or App 249, 254 (2022) citing *Norwest v. Presbyterian Intercommunity Hosp.*, 293 Or 543, 558-61 (1982). An exception exists to this rule when the defendant violates a "legally protected interest." *Id*. Plaintiff must establish negligence based on the violation of the legally protected interest. *Id*. Then, plaintiff may recover all foreseeable damages – emotional and physical. *Id*. citing *Tomlinson v. Metropolitan Pediatrics, LLC*, 362 Or 431, 452 (2018).

Here, LOSD is in a special relationship with its students, including Alexandra Boot. The Oregon Supreme Court recognized this in *Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or 1 (1987), and other cases and multiple courts and the <u>Restatement</u> have recognized this special relationship.  LOSD's argument to the contrary ignores the plain language and holding of the Oregon Supreme Court in *Fazzolari* and the stated position of the Oregon School Boards Association. *Doe v. Medford Sch. Dist. 549C*, 232 Or App 38, 44-45 (2009).  Not to mention the near majority of other jurisdictions within the United States.  See Motion (Dckt 2) p. 21-22.

LOSD was negligent in its response to Alexandra Boot's complaint about C.T. and in failing to maintain an education environment which was conducive to learning and consistent with its policies.  LOSD was also negligent in failing to remove C.T. from LOHS and place him in an equal alternative high school setting.

/ / / /

/ / / /

Page 8 – REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243

D.  Balancing of the Equities Favors Plaintiff.

LOSD operates two high schools and one regional recovery charter school for grades 9-12. Decl. Brague, Ex. 2.

C.T., the offending male student, may be removed from LOHS and to finish his school year within LOSD at Lakeridge High School or at an alternative education environment. Neither of these school placements disrupts the offending student's education or his right to an education.

LOSD has proven that it is unwilling to enforce the safety plan – even when there ample evidence of its violation. LOSD has proven that it is more than willing to deny a victim of rape her education in favor of educating her rapist. This is the position endorsed by Administrator Ryan Rosenau. Decl. Rosenau ¶11.

Further, LOSD did not punish, sanction, or discipline C.T. when he violated the safety plan – Administrator Rosenau simply gave him a consequence free day from attending school. Decl. Rosenau ¶9 ["I asked the other student to stay home from school the next day, which he did."] This is an admission that LOSD and Administrator Rosenau, specifically, did not discipline C.T. for violating the Safety Plan, school policy, or the student code of conduct.

The message sent by LOSD to Alexandra Boot is that as a rape victim she is not welcome in school and her needs as a woman and victim of an admitted rape and are subordinate to the needs of the rapist.

Continued denial of an education to Alexandra Boot will prevent her from obtaining her high school diploma and college admission. LOSD posits that its contacted Oregon State University to find out what Plaintiff needs to stay on track to enroll there this Fall. LOSD offer

no evidence whatsoever to support this claim. Moreover, LOSD has no authority over Oregon State University's admission requirements.

Alexandra Boot has demonstrated irreparable harm and immediate threatened injury.

## CONCLUSION

Alexandra Boot requests the court enter a temporary restraining order mandating that LOSD move C.T. to an alternate and equal high school setting through June 2023.

Alexandra Boot requests the court enter a preliminary injunction barring LOSD from dropping students from enrollment based on school finance policy which is divorced from Oregon law on attendance.

Alexandra Boot requests the court enter a preliminary injunction requiring LOSD to remove admitted rapists, sexual assaulters, harassers, and bullies from the same physical school environment to an equal education setting.

DATED this 10th day of April, 2023.

THE BRAGUE LAW FIRM

By _____
Kevin C. Brague, OSB No. 050428
kevin@braguelawfirm.com
4504 S. Corbett Avenue, Suite 250
Portland, Oregon 97239
t: 503.922.2243
f: 503.296.2046
Attorney for Plaintiff

**CERTIFICATE OF COMPLIANCE**

      This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,975 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## CERTIFICATE OF SERVICE

    I hereby certify that I served the foregoing REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION on the party listed below by the following indicated method or methods:

    Karen M. Vickers, OSB No. 913810
    *kvickers@vickersplass.com*
    503-726-5985
    Beth F. Plass, OSB No. 122031
    *bplass@vickersplass.com*
    503-726-5975
    VICKERS PLASS LLC
    5200 SW Meadows Road, Suite 150
    Lake Oswego, OR 97035
    *Attorney for Defendant*

[X]    by electronic means through the U.S. District Court, District of Oregon's CM/ECF document filing system.

[ ]    by mailing a full, true and correct copy thereof in a sealed, first-class postage paid envelope, addressed to the address as shown above, with the U.S. Postal Service at Portland, Oregon, on the date set forth below.

[ ]    by causing a full, true, and correct copy thereof to be hand-delivered to the attorney at the attorney's last known office address listed above on the date set forth below.

[ ]    by emailing a full, true, and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below.

    DATED this 10th day of April, 2023.

    /s/ Kevin Brague
    Kevin C. Brague, OSB No. 050428